Angel **RODRIGUEZ**, Plaintiff,

v.

Shirley **CHATER**, Commissioner, Social Security Administration, Defendant.

No. 3:95CV1414 (RNC).

United States District Court, D. Connecticut.

April 14, 1997.

Susan L. Garten, Legal Aid Society of Hartford, Hartford, CT, for plaintiff.

Deirdre Anne Martini, U.S. Attorney's Office, Bridgeport, CT, for defendant.

*RULING AND ORDER*

CHATIGNY, District Judge.

Plaintiff Angel Rodriguez challenges a final decision of the Commissioner of the So-

cial Security Administration denying his application for disability insurance benefits. He contends that he was disabled before June 30, 1995, when his eligibility for disability insurance benefits expired, as a result of an HIV infection, which has since developed into AIDS. The Commissioner contends that plaintiff was not disabled before June 30, 1995, and seeks an order affirming the decision to deny him benefits. For the reasons that follow, the case is remanded for further proceedings.

Plaintiff applied for disability insurance benefits in April 1993, when he was 35 years of age, claiming that he was disabled due to certain physical and psychological manifestations of his HIV infection. In particular, he alleged that he had been unable to work since May 1990, due to chronic fatigue and severe depression. Prior to that time, he had worked for approximately fifteen years in manufacturing plants loading and unloading metal aircraft parts into furnaces. Because of his employment history, he met the requirements for insured status through June 30, 1995, and was entitled to disability benefits if he could prove that he was disabled on or before that date.

In October 1994, after an evidentiary hearing, an administrative law judge found (1) that plaintiff had an HIV infection but no impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart, P, Regulations No. 4; (2) that plaintiff's "subjective complaints and functional limitation [were] not credible to the extent alleged"; (3) that plaintiff had the residual functional capacity to perform light work; (4) that his impairments did not prevent him from returning to his past relevant work, which the ALJ characterized as "light"; and, accordingly, (5) that he was not disabled within the meaning of the Act. The Appeals Council declined plaintiff's request for review, making the ALJ's decision the final decision of the SSA.

After careful consideration of the record, I conclude that a remand is necessary because the ALJ appears to have erred in finding that plaintiff's past relevant work was light work. "Light work," as defined in social security regulations, means work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Plaintiff testified that his job required him to lift metal parts weighing as much as 25 to 30 pounds. Administrative Record, at 33.[1] A job that requires lifting more than 20 pounds is medium work, not light work. 20 C.F.R. § 404.1567(c). Moreover, a vocational expert, Dr. Jeffrey Blank, testified that plaintiff's most recent job, as plaintiff described it, would be "from the light to medium range of exertion, certainly with significant standing and walking required," and that plaintiff's previous jobs would be in the medium to heavy range. Administrative Record, 48–49.

The ALJ noted that plaintiff's "past relevant work as a heat treater operator is listed [in the Dictionary of Occupational Titles] as light." Administrative Record at 18. The job title "heat treater operator" is one plaintiff himself used to describe his past relevant work. However, given plaintiff's description of the work he actually performed, it appears that his past relevant work might be more accurately referred to as that of a "heat treater helper," which is performed at the medium level of exertion. *See* Dictionary of Occupational Titles §§ 504.685–018.

On the remand, the ALJ must revisit the issue whether plaintiff's past relevant work was at the light or medium level of exertion. If the job was performed at the medium level of exertion, the ALJ must address the issue whether there was any work in the competitive economy that plaintiff could have performed between May 1993 and June 30, 1995, given his age, education, work experience, and physical and mental impairments. 20

1. Asked by his counsel whether he could perform the duties of a job that did not require "the kind of walking around and lifting that [he] had [to do] at [his] last job," for example, the jobs of cashier or light assembly worker, plaintiff testi-

fied: "Well, that's, I don't know, that's not my type of skills. The only thing I know how to do is factory work, machine operator, heavy lifting, walking around, I don't know." Administrative Record, 42.

C.F.R. § 404.1520.[2]

The need for a remand is heightened because plaintiff's complaint of debilitating depression is substantiated by the opinion of his treating therapist, Glenn Gemma, a certified social worker at Hartford Hospital's outpatient psychiatric clinic. In a letter to the SSA dated November 15, 1993, Mr. Gemma stated that plaintiff suffered from "Major Depression," which would "preclude him from maintaining regular attendance in a full-time job." Administrative Record, 145. In response to a question by the ALJ, Dr. Blank, the vocational expert, testified that if plaintiff's depression caused him to be absent from work more than five to ten days a year, he would not be able to hold any job. Administrative Record, 50.

Mr. Gemma's opinion that plaintiff suffered from a major depression which would prevent him from meeting the demands of a full-time job merits careful consideration as the opinion of a treating source.[3] On the remand, the ALJ must explicitly address Mr. Gemma's opinion that plaintiff suffered from major depression which would preclude him from working full-time. Mr. Gemma's opinion concerning the nature, severity and effect of plaintiff's mental impairment must be considered in light of Dr. Blank's opinion that absenteeism of more than five to ten days a year would render plaintiff unemployable on a full-time basis.

A remand for further consideration of Mr. Gemma's opinion is particularly appropriate because his opinion does not appear to be inconsistent with the other medical evidence. The only other medical evidence mentioned in the ALJ's decision are the opinions of Dr. Michael Teiger and Dr. Jay M. Cudrin, both of whom examined plaintiff on a consultative basis. Dr. Teiger found no evidence of disability "from a physical point of view," Administrative Record, 140, but he did not attempt to address plaintiff's mental impairment. Dr. Cudrin, who did perform a psychological examination, reported that plaintiff stated he "was so depressed, he felt he had no reason to try to work"; that he had the "appearance of an agitated depressive"; and that he "had difficulties with consistent attention and concentration and had problems on tests of short-term memory." Administrative Record at 142–43. These excerpts from Dr. Cudrin's report, which tend to support Mr. Gemma's opinion, are not mentioned in the ALJ's decision. On the remand, they should be addressed as well.[4]

Accordingly, plaintiff's motion for an order reversing the decision [doc. # 10] is granted in part; the Commissioner's motion for an order affirming the decision [doc. # 12] is denied; and the case is remanded for further proceedings.

So ordered.

---

2. Plaintiff has acknowledged that, due to a gap in the medical records between 1989, when he tested positive for HIV, and May 1993, he cannot prove that he was disabled within the meaning of the Act prior to May 1993.

3. Plaintiff argues that the ALJ did not give Mr. Gemma's opinion due consideration. That argument has substantial merit. The ALJ's decision does not mention Mr. Gemma's opinion that plaintiff's mental impairment would preclude him from regular attendance at a full-time job. Moreover, the only references to Mr. Gemma that do appear in the ALJ's decision do not do justice to Mr. Gemma's opinion. The ALJ's decision states that "Mr. Gemma had diagnosed the claimant with depression." Administrative Record, 17. In fact, Mr. Gemma's diagnosis was "Major Depression." The ALJ's decision goes on to state that Mr. Gemma "believes that the claimant would benefit psychologically from work-

ing." Id. What Mr. Gemma actually stated was "I believe that Mr. Rodriguez would benefit psychologically from working a limited number of hours per week." Administrative Record, 145.

4. Plaintiff was referred to Mr. Gemma for a psychiatric examination by Dr. Jack Ross of Hartford Hospital, who examined plaintiff in April 1993 and found him to be suffering from "depression, fatigue, difficulty in sleeping and concentrating." See Administrative Record 136–38. Further support for Mr. Gemma's opinion appears in a letter signed by plaintiff's therapist, Stephanie Cargill, dated January 26, 1995, which states, "This client is not capable of working. He meets more than 5 of the criteria for major depression (296,33 in DSM IV). He is not able to even look for a job." Administrative Record, 6. This corroborating opinion, which was not available to the ALJ when he rendered his decision, should be considered on the remand.